JOSÉ G. SALGADO, Plaintiff and Appellee, v. INSULAR RACING COMMISSION, ETC., Defendant and Appellant.

No. 6556. Argued April 25, 1935.—Decided January 24, 1936.

452

*Diego O. Marrero* for appellant. *J. Valldejuli Rodríguez* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

José G. Salgado, as the owner of race horses, filed a petition for injunction in the District Court of San Juan, to restrain the Insular Racing Commission from enforcing a section of its regulations which required the payment of a fee of $5 for each application, as a prerequisite to the claiming of a horse before a race.

The petitioner alleged that the races known as "claim races" have been duly authorized by the Insular Racing Commission of Puerto Rico, and that any horse participating in them may be claimed, that is, purchased by any race-horse owner duly authorized therefor by said commission, provided a ticket tendering the sum stated in the race program as the claim price is presented to the claim judge of the corresponding track before the race. The petitioner added that the Insular Racing Commission, without any authority whatsoever, has imposed a fee of five dollars for each ticket presented and ordered that no ticket should be considered by said judge unless the same is accompanied by the aforesaid $5-fee.

It is contended that said commission is not authorized by any law to impose fees of this kind, and that the only fees that it may charge are those specified in section 28 of Act No. 11 (Session Laws 1931–1932, p. 194) of the Legislature of Puerto Rico, approved April 8, 1932.

The District Court of San Juan declared the nullity of the section of the regulations imposing the $5-fee as a prerequisite to the claiming of a horse before a race is held, and decreed the injunction sought.

■■ It is urged that the lower court erred in holding that the power granted by section 5 of Act No. 11 of 1932, to prescribe the rules and conditions by which the holding of horse races in Puerto Rico is to be governed, does not extend to the imposition of other fees on the horse owners than those provided by section 28 of said act. The lower court was of the opinion that section 28 of the above-cited act determines the fees to be imposed by the commission and that the Legislature thereby showed its intention to exclude any other fee not specified in said section, in accordance with the maxim *expressio unius est exclusio alterius*. The appellant argues that this maxim is not absolute and that there are exceptions to it; that its main purpose is to determine the legislative intent, and that when such intent is manifest, the said maxim should not be applied as a rule of interpretation if its application is in conflict with the intention of the lawmaker. We are in accord with this viewpoint, which is upheld in the case of *Springer* v. *Philippine Islands*, 277 U. S. 189, 72 L. Ed. 845, and in other cases cited by the appellant. It can not be denied, however, that where a statute grants certain powers without mentioning others of a like nature, this is a strong indication of the legislative intent to include only those powers expressed. In order to justify a different conclusion it would be necessary that the statute itself should show that it was not the intention of the Legislature to confine the powers granted strictly to those enumerated.

Section 5 of Act No. 11 of 1932 reads as follows:

"The Insular Racing Commission is hereby empowered to regulate all matters concerning the sport of racing, and for that purpose it shall have power to prescribe the rules and conditions by which the holding of horse races in Porto Rico is to be governed; to regulate all matters connected with the manner in which bets are to be made in the *bancas alemanas* and pools, and by regulation to prescribe the requirements that should be fulfilled by persons wishing to obtain, and who obtain, from the Commission, race-track licenses, and licenses as horse owners, jockeys, trainers, or stablemen.

"The Insular Racing Commission, in its investigations and acts, shall follow the procedure prescribed by law for courts of justice in the transaction and dispatch of their business.

"The Insular Racing Commission, in the exercise of their duties, and the members of the Commission when they act in representation thereof, are authorized to summon witnesses, administer oaths, take evidence, and compel the appearance of witnesses and the presentation of books, letters, documents, papers, files, and all other data that may be considered essential to a complete knowledge of the matter under investigation in regard to the sport of racing.

"All these powers shall be prescribed in regulations which shall be approved by the Governor of Porto Rico. After the latter has given his approval, said regulations shall have binding force. The Legislature reserves the power to revise and revoke such regulations, wholly or partly, whenever it may deem advisable."

Section 28 of the same Act (page 210) provides that—

"The Insular Racing Commission shall collect the following fees:

"1. For each race-track license, a year_____ $300
"2. For each owner's, or stable, license, a year_____ 20
"3. For each jockey's license, a year_____ 10
"4. For each trainer's or stableman's license, a year_____ 2
"5. For each registration of a horse in the studbook_____ 10
"6. For each registration of a colt, in the register of colts 5
"7. For the annotation of each change in the name of a
    horse_____ 5
"8. For the annotation of each transfer or sale of a horse 5
"9. For the first inspection and branding of a colt_____ 20
"10. For each certified copy of a registration_____ 1
"11. For each certified copy, twenty (20) cents for each
    hundred words and for the certificate_____ 1."

Section 5, already transcribed, can not be construed in the sense of granting to the commission power to collect fees not included in section 28, which enumerates in detail the cases in which the commission may collect them. The appellant maintains that section 30 of the act shows that the Racing Commission has authority to collect other fees. Said section reads as follows:

"The amount of the fees referred to in Section 28 of this Act, as well as the fines and all other income received by the Commission, shall be covered into the funds of the Insular Racing Commission."

Emphasis is laid upon the words "and all other income," which, according to the appellant covers the alleged right of the commission to impose the challenged fee. We do not agree. Those words can not be interpreted in the sense of authorizing the commission to impose and collect fees which do not derive from the powers granted to it by the act. By "other income" should be understood other income specified in said act, as for example, 15 per cent of the gross income derived from the deductions made from the german banks, pool, and subscription fund, which section 29 grants to the Insular Racing Commission.

In accordance with the section of the regulations complained of, the money so collected shall be covered into a special fund, created by the commission itself, to be used exclusively for the purpose of increasing the purse in special races or trophy races. Section 30 of the act establishes a fund into which the income received by the Racing Commission must be covered. Section 25 fixes certain fees to be collected for the benefit of the Insular Treasury, and section 33 provides that certain sums, retained by the corporation owning the race track and liquidated each week to the Insular Racing Commission, shall be covered into a special fund in the Treasury of Puerto Rico, which shall be designated as "Sanatorium Racing Fund."

The commission is not granted any other power to create new funds. The purpose sought by the section of the regulations which has been attacked, is within the purview of section 31 of the act, according to which the money to increase the purses in cup races, must be derived from the income referred to in section 30, which is to be covered into the funds of the Insular Racing Commission.

The second assignment of error is based on the ground that "the court failed to hold that the challenged regulation is not limited in its application to the owners of race horses or stables, but that on the contrary it is applicable to all persons who wish to appear as claimants in a claim race." This assignment is not as clear as might be desirable. However, the question raised, whatever it may be, lacks any relevancy. The circumstance that the application of the rule should be limited to the race-horse owners or that it should extend to all citizens, has no relation to the question at issue. The said rule, no matter how extensive or limited it might be as regards the person to whom it should be applied, can not vest the Insular Racing Commission with powers which the Legislature never intended to grant to it.

As a third ground of appeal it is urged that the lower court erred in holding that the doctrine laid down in the case of *Douglas Park Jockey Club* v. *Talbot,* 173 Ky. 685, 191 S. W. 474, is not applicable to the present case. Such action, in our opinion, does not constitute error. We are not compelled to accept any theory upheld by a state court, as its decisions are not binding upon us. We may follow—and we do so quite frequently—such holdings as in our opinion correctly interpret statutes that are analogous or similar to ours. Those decisions may convince us by the weight of their arguments and the logic of their reasoning. As regards the decision of the Court of Appeals of Kentucky, we think that the same has no application to the present controversy. In the Kentucky case no fee was imposed. The Racing Commission of that state ordered, through its regulations, that race purses should not be below a certain sum. There was only involved a regulatory provision fixing the minimum amount of the purses; the matter of the imposition of a fee, which is the question at issue in the case at bar, was not considered. In the instant case, the validity of a regulation is challenged, on the ground that the imposition of a fee is not authorized by law.

Lastly, it is urged that the district court erred in failing to decide that the regulation in question is not of a fiscal nature, since it is covered by the police power which the commission exercises by virtue of the provisions of the statute. We do not share the appellant's viewpoint. Any authority exercised by the commission on the basis of this doctrine of police power must derive from section 5 of the aforesaid Act of 1932. . Section 28 of that act, clearly specifies the cases where the commission may collect fees. The power to collect a fee of $5 in order to claim a horse is not included in that section. In the case at bar the police power can not be extended beyond the definite provisions of the act itself.

The judgment appealed from must be affirmed..